# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRETT THOMAS FELDMAN, et al.,<br>Plaintiffs,<br><br>vs.<br><br>HAMILTON COUNTY DEPARTMENT<br>OF JOB AND FAMILY SERVICES, et al.,<br>Defendants. | Case No. 1:16-cv-1024<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiffs Brett and Nicole Feldman, proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983 in October 2016. (*See* Doc. 4). In February and March 2017, defendants in this action filed motions for judgment on the pleadings.[1] (Docs. 21, 26). After each motion was filed, the Court sent plaintiffs notice that a failure to respond could result in dismissal of their action for lack of prosecution. (Docs. 23, 27). Despite this notice, plaintiffs did not file any responses to the motions for judgment on the pleadings.

On June 19, 2017, the Court ordered plaintiffs to show cause, in writing and within ten (10) days, why this Court should not dismiss this case for lack of prosecution. (Doc. 28). To date, plaintiffs have not filed a response to the Show Cause Order or to the pending motions for judgment on the pleadings.

Plaintiffs' failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at

---

[1] Defendants Hamilton County Department of Job and Family Services ("HCJFS"), Donna Lang, Moira Weir, Sean Brune, and Candace Baird filed their motion for judgment on the pleadings on February 14, 2017. (Doc. 21). Defendant Felicia Thames filed her motion for judgment on the pleadings on March 23, 2017. (Doc. 26).

109. Although plaintiffs are proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiffs' case be **DISMISSED** in its entirety for want of prosecution and for failure to obey an Order of the Court.

Date: 7/12/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT THOMAS FELDMAN, et al.,
    Plaintiffs,

vs.

HAMILTON COUNTY DEPARTMENT
OF JOB AND FAMILY SERVICES, et al.,
    Defendants.

Case No: 1:16-cv-1024
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).